```
                   UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION


MARIE A. HARABURDA,             )
                                )
          Plaintiff             )
                                )
          v.                    )    CIVIL NO. 2:11 cv 93
                                )
ARCELOR MITTAL USA, INC.,       )
                                )
          Defendant             )
```

OPINION AND ORDER

This matter is before the court on the Motion for Order to Preserve Evidence [DE 9] filed by the plaintiff, Marie A. Haraburda, on May 15, 2011. For the following reasons, the motion is **GRANTED**.

Background

This matter arises from a complaint of employment discrimination filed by the plaintiff, Marie A. Haraburda, on March 14, 2011. The defendant, Arcelor Mittal, timely filed an answer on April 18, 2011. The parties have not yet met to discuss their discovery plan as required by Federal Rule of Civil Procedure 26(f), or had their Federal Rule of Civil Procedure 16(b) discovery conference with the court.

After filing her complaint, Haraburda became concerned that Mittal would destroy the evidence she anticipated requesting during discovery. Her concern arose from a response to an e-mail

she received from Sharon Stillman, a human resource manager at Mittal.  Haraburda e-mailed Stillman to inquire about e-mails that were deleted from her account without her consent during the EEOC investigation period and prior to her termination.  Stillman responded by stating that "files stored on company computers are company property and can be assessed and/or deleted as the company views appropriate."

On April 15, 2011, Haraburda requested assurance from Mittal that it would preserve the evidence it knew or reasonably should know would be relevant to Haraburda's claim.  Mittal responded that it refused to implement a litigation hold or other process to preserve evidence until after the Rule 26(f) discovery conference, explaining that Haraburda's request was premature.  Mittal further indicated that it would decline all requests from Haraburda for information and documents, including non-litigation documents.  Haraburda now moves for an order directing Mittal to preserve the evidence she anticipates requesting during discovery.

## Discussion

A party has a duty to preserve evidence when it knows, or should have known, that litigation was imminent.  ***Trask-Morton v. Motel 6 Operating L.P.***, 534 F.3d 672, 681 (7th Cir. 2008).  The duty to preserve evidence is broad, encompassing any relevant

evidence that the non-preserving party knew or reasonably could foresee would be relevant to the action. *Danis v. USN Communications, Inc.*, 2000 WL 1694325, *32 (N.D. Ill. Oct. 20, 2000); *Larson v. Bank One Corp.*, 2005 WL 4652509, *10-11 (N.D. Ill. August 18, 2005); *In re Kmart*, 371 B.R. 823, 842 (N.D. Ill. 2007). At the latest, this duty attaches when the plaintiff informs the defendant of her potential claim. *Motel 6,* 534 F.3d at 681 (explaining that Motel 6 was on notice of the claim when it received the plaintiff's demand letter); *Northington v. H & M International*, 2011 WL 663055, *6 (N.D. Ill. Jan. 12, 2011) (*citing* *Jones v. Bremen High School Dist. 228*, 2010 WL 2106640, *6 (N.D. Ill. May 25, 2010) (employer's duty to preserve relevant documents arose at the time it learned employee had filed EEOC charges); *Wells v. Berger, Newmark & Fenchel, P.C.*, 2008 WL 4365972, *7 (N.D. Ill. Mar. 18, 2008) (employer's duty to preserve sexually explicit emails began when employer received notice of sexual harassment charge filed by employee with state department of human rights)). Once a party has notice of the threat of litigation, and therefore the duty to preserve evidence that may be sought during discovery, the party should implement a plan to find and preserve relevant evidence. *Danis*, 2000 WL 1694325 at *32; *Kmart*, 371 B.R. at 846 ("[T]he 'duty to preserve documents in the face of pending litigation is not a passive

obligation,' but must be 'discharged actively.'"). In fact, a large corporation only can discharge its duty by: "1) creating a 'comprehensive' document retention policy that will ensure that relevant documents are retained, . . . and 2) disseminating that policy to its employees." *Larson*, 2005 WL 4652509 at *11. Failure to abide by this duty may result in sanctions when it was done willfully, in bad faith, or when the non-compliant party was at fault. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 640, 96 S.Ct. 2778, 2779, 49 L.Ed.2d 747 (1976); *Motel 6,* 534 F.3d at 681; *Danis*, 2011 WL 2039588 at *33-34.

In *Danis*, the defendant, after learning of the pending suit, failed to implement a document preservation plan. The defendant did not take any initiative to notify employees of the need to preserve documents, the criteria for saving documents related to the law suit, or the consequences of failing to comply. *Danis*, 2000 WL 1694325 at *37. See also *Hogan v. Metal Plate Polishing, Inc.*, 2008 WL 4276244, *3 (N.D. Ind. Sept. 12, 2008) ("MPP had a duty to inform its employees to preserve documents related to Hogan's litigation once it knew, or should have known, that Hogan's litigation was imminent"). Furthermore, the defendant did not have an attorney review documents before uninformed personnel threw away documents. *Danis*, 2000 WL 1694325 at *37.

4

The court determined that although the documents related to litigation were not intentionally destroyed to avoid disclosure, the defendant's failures to place clear procedures and standards for preserving documents demonstrated bad faith and did not satisfy its duties.  *Danis*, 2000 WL 1694325 at *38.  *See also*, *Jacobeit v. Rich Township High School Dist. 227*, 2011 WL 2039588, *6 (N.D. Ill. May 25, 2011) ("Fault may be evidenced by negligent actions or a flagrant disregard of the duty to preserve potentially relevant evidence.").

The court has broad discretion when determining whether to order a party to preserve evidence.  *In re African-American Slave Descendants' Litigation*, 2003 WL 24085346, *2 (N.D. Ill. July 15, 2003).  "A motion to preserve evidence is an injunctive remedy and should [be] issue[d] only upon an adequate showing that equitable relief is warranted."  *Slave Descendants' Litigation,* 2003 WL 24085346 at *2.  In rendering this determination, the court considers: "1) whether Plaintiffs can demonstrate that Defendants will destroy necessary documentation without a preservation order; 2) whether Plaintiffs will suffer irreparable harm if a preservation order is not entered; and 3) the burden imposed upon the parties by granting a preservation order."  *Slave Descendants' Litigation*, 2003 WL 24085346 at *2.

5

The duty to preserve evidence attaches at the time the defendant becomes aware of the threat of litigation, and by this stage, Mittal is well aware of the pending litigation.  For this reason, Mittal has a pre-existing duty to implement strategies to seek and to retain potentially relevant document and evidence.  However, Mittal argues that Haraburda's motion to preserve evidence is premature because the parties have not held their Rule 26(f) planning meeting and discovery has not commenced.

Rule 26(f)(2) states in pertinent part: "In conferring, the parties must . . . discuss any issues about preserving discoverable information . . ."  Rule 26(f) does not explicitly prohibit a party from asking for a litigation hold to preserve evidence prior to the parties' planning meeting.  Instead, Mittal argues that this prohibition arises from Rule 26(d)(1), which states that the parties may not "seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . ."  Mittal cites to a series of cases where the party requested documents or information prior to the Rule 26(f) meeting.  However, Haraburda is not trying to compel production of information prior to the parties' Rule 26 planning meeting.  Rather, Haraburda is asking the court to order Mittal to abide by a duty that attached prior to the commencement of not only discovery, but this suit.  The prohibition on discovery prior to the planning

meeting applies more specifically to requests for the production of information, not to requests for the information to be retained by the party in possession until discovery commences. Nothing in the rules prohibits the court from compelling a party to preserve evidence, and Mittal has not pointed the court to any authority suggesting differently.  Otherwise, a party with knowledge of another's intent to destroy evidence prior to discovery would be without a remedy.

Turning to the merits of Haraburda's motion, Haraburda has established that Mittal may destroy the evidence without a preservation order.  On several occasions Haraburda requested that Mittal implement a litigation hold to preserve evidence, and Mittal responded that it would not place a litigation hold or implement a process to preserve evidence.  Although Mittal informs the court that it is aware of its duty to preserve the evidence, it is not clear that Mittal is aware of the full extent of this obligation.  Mittal has not instructed the court on any steps that it has implemented to preserve the potential evidence. Mittal deleted Haraburda's e-mails without her consent during the EEOC investigation, and it is not apparent that it has informed other employees of the duty to preserve potentially relevant information.  Mittal has been under an obligation since first learning of the threat of litigation to implement a litigation

hold.  See *Motel 6*, 534 F.3d at 68; *Danis,* 2000 WL 1694325 at *37.  However, these instances indicate Mittal's reluctance to abide by its duty and preserve evidence absent a court order.

Given the nature of Haraburda's suit, and the information before the court, it is apparent that Haraburda's claim is based primarily on communications exchanged between Mittal employees, namely e-mails.  Absent this information, it may prove difficult for Haraburda to support her claim.  Although Haraburda may seek sanctions if Mittal did not in fact preserve the communications reasonably related to her claim, such relief may not remedy the prejudice she would suffer if the documents were not preserved.  Furthermore, Mittal already has the burden to preserve the evidence in question, and ordering Mittal to abide by its pre-existing duty will not increase its burden.

_____

Based on the foregoing reasons, the Motion for Order to Preserve Evidence [DE 9] filed by the plaintiff, Marie A. Haraburda, on May 15, 2011, is **GRANTED**.  Mittal is **DIRECTED** to place a litigation hold on any and all documents and information that may reasonably be related to the pending litigation.

ENTERED this 28th day of June, 2011

s/ ANDREW P. RODOVICH
United States Magistrate Judge